UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN EARL SAULS, | 1: 06 CV 01149 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 8] |
| KATHY MENDOZA-POWERS, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**BACKGROUND**

Petitioner claims that the Board of Parole Hearings violated California law by failing to calculate his release date. Specifically Petitioner alleges as follows in each of his three grounds for relief:

1) Term of imprisonment. The pititioners [sic] trem [sic] of impirnment [sic] is outlined under the California State Constitution. California Penal Code 116B & 1170 & 190 & 3000

These laws define the petitioners "minimum & maximum trem. [sic] of imprinment [sic] under the law.

2) Primary date. The petitioner asserts that the law at that time allowed for first degree mueder's [sic] to serve approximately 15 to 17 years.
A primary trem [sic] is a legal trem [sic] and means an ultimate definite maximum trem [sic] that forever removes petitioners life maximum.

3) Primary trem [sic] fixing
Petitioner asserts the superior court did not fix his trem [sic] at life. Rather the California Penal Code section 1170.2 & 3000 allows the B.P.H. to fix the term.

## **JURISDICTION**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the matter challenged arises out of the Avenal State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with

1  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
2  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will
3  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
4  involved an unreasonable application of, clearly established Federal law, as determined by the
5  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
6  determination of the facts in light of the evidence presented in the State Court proceeding." 28
7  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
8  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120
9  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court
10 concludes in its independent judgment that the relevant state-court decision applied clearly
11 established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather,
12 that application must be objectively unreasonable." Id. (citations omitted).
13     While habeas corpus relief is an important instrument to assure that individuals are
14 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
15 Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
16 conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
17 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
18 determinations must be presumed correct, and the federal court must accept all factual findings made
19 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
20 convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
21 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
22 1388 (9th Cir. 1997).

23                                    **DISCUSSION**

24     Respondent moves to dismiss this petition on the grounds that Petitioner has failed to state
25 facts supporting each ground for relief and that Petitioner's claims are matters of state law over
26 which this court lacks jurisdiction.  Petitioner opposes the motion.
27     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
28 petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a Respondent's Motion to Dismiss as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

Rule 2 of the Rules Governing Habeas Corpus Cases establishes the pleading requirements of a federal petition for writ of habeas corpus. Subsection (c) requires a petitioner to "state the facts supporting each ground" for relief. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Summary dismissal is appropriate where the allegations in the petition are vague or conclusory. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990); see Wacht v. Cardwell, 604 F.2d 1245, 1247 (9th Cir. 1979)("Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error").

In this petition, Petitioner alleges that the Board of Parole Hearings has failed to set a release date in violation of California law. Although he claims three separate grounds for relief, the court must agree with Respondent that Petitioner does not supply sufficient facts supporting any of the three grounds. Although Petitioner provides a lengthy memorandum presenting his legal arguments, he does not reference a particular denial of parole. The court finds, therefore, that Petitioner has not provided sufficient notice of the basis of his claims to allow Respondent to address the allegations in the petition, as required by Rule 5 of the Rules Governing Habeas Corpus Cases. Therefore, this petition must be dismissed for failure to state the facts supporting each ground for relief.

Respondent also contends that this court lacks subject matter jurisdiction over Petitioner's claim that the Board of Parole Hearings failed to set his release date in compliance with the California Code of Regulations, or other California law. The court must agree. Habeas corpus relief

is not available to correct alleged errors in the state court's application or interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).   Further, to the extent that Petitioner makes a generic due process claim in connection with his grounds for relief, it is unavailing.  The issue of whether the Board of Parole Hearings must set a release date, or fix a term, for a life-term inmate is a matter of statutory interpretation which has been resolved by the California Supreme Court.  In In re Dannenberg, 34 Cal.4th 1060, 1071 (2005), the court explained as follows:

> While subdivision (a) of section 3041 states that indeterminate life (i.e., life-maximum) sentencees should "normally" receive "uniform" parole dates for similar crimes, subdivision (b) provides that this policy applies " unless [the Board] determines" that a release date cannot presently be set because the particular offender's crime and/or criminal history raise " public safety" concerns requiring further indefinite incarceration. (Italics added.) Nothing in the statute states or suggests that the Board must evaluate the case under standards of term uniformity before exercising its authority to deny a parole date on grounds the particular offender's criminality presents a continuing public danger.
>
> Indeed, under other provisions of law, the Board cannot grant a parole date to a life-maximum prisoner without considering the concerns expressed by interested persons, including victims, their families, and law enforcement officials involved in the case, that this particular offender is still too dangerous, by virtue of the crimes he or she has committed, to be scheduled for release. If a Board panel does set a parole date, the Governor may request review by the full Board on grounds that the panel did not fully consider the crime's gravity, or public safety, in which case a majority of the full Board must vote to uphold the panel's decision. In the case of a murderer, the Governor may overturn a grant of parole on any basis the Board could have used to deny it. The statutory scheme, viewed as a whole, thus clearly elevates a life prisoner's individual suitability for parole above the inmate's expectancy in early setting of a fixed and "uniform" parole date.

Accordingly, Petitioner's claim is purely one of state law, which cannot be addressed in this habeas corpus petition. His due process claim is without a legal basis, as he has not demonstrated the existence of any state-created liberty interest, much less the deprivation of such an interest. See generally, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995)

In conclusion, the court finds that this petition must be dismissed for failing to state sufficient facts in support of each ground for relief and for lack of jurisdiction over Petitioner's state law claims.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss the petition for writ of habeas corpus is GRANTED;

2) A certificate of appealability is DENIED;

3) This petition for writ of habeas corpus is DISMISSED;

4) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **March 17, 2008**            /s/  **William M. Wunderlich**
                                       UNITED STATES MAGISTRATE JUDGE